UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **WILKS LAIRD** | : | **DOCKET NO. 16-cv-755** |
| D.O.C. #96109 | | |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **NATE CAIN** | : | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the court is an application for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by *pro se* petitioner Wilks Laird ("Laird"). Laird is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at Avoyelles Correctional Center in Cottonport, Louisiana.

**I.**
**BACKGROUND**

Following a jury trial in the Thirty-Third Judicial District Court in Allen Parish, Louisiana, Laird was found guilty of attempted manslaughter and of possession of a firearm by a convicted felon. Doc. 1, p. 1. He was sentenced on January 28, 2009. *State v. Laird*, 30 So.3d 1167 (3rd Cir. 2/10/10). Laird appealed his sentence and conviction to Third Circuit Court of Appeal and the appeal was denied on February 10, 2010. *Id.* Laird sought further review with the Louisiana Supreme Court but does not provide the date that he filed same. The Louisiana Supreme Court denied relief on November 24, 2010. *State v. Laird*, 50 So.3d 826 (La. 2012). Laird did not seek further review in the United States Supreme Court. Doc. 1, p. 3.

Laird asserts that he filed an application for post-conviction relief ("PCR") in the trial court, but does not provide the date of filing. *Id.* He states that his sole claim therein was ineffective assistance of counsel and that the application was denied. *Id.* He alleges that he sought review in the appropriate state courts. *Id.* at 4.

Laird claims that he filed a second application for post-conviction relief on October 9, 2014, alleging that his conviction and sentence were obtained in violation of the state and federal constitution. *Id.* He states that this application was granted in part and denied in part, but provides no further detail on that ruling and whether appellate review was sought. *Id.* However, he does allege that the Louisiana Supreme Court issued a ruling relating to that case on May 2, 2016. *Id.* at 6.

Laird filed the instant petition with this court on May 23 or 25, 2016. Doc. 1, att. 1, p. 3. He raises several claims for relief, including: (1) that his conviction was obtained in violation of the state and federal constitutions; (2) that he was denied the right to a fair trial as the jury verdict was based on a void bill of information filed by a party that was improperly assigned to the case; and (3) that he was not guilty of the crime. Doc. 1, p. 5; doc. 1, att. 1, p. 3. In support, Laird states that it was not until his attorney, Chad Guidry, sent him the district attorney's file and the attorney/client privilege file that he (Laird) discovered new evidence of due process violations based on an alleged conflict of interest by an assistant district attorney and the trial judge's recusal. Doc. 1, att. 1, pp. 1–3. However, he does not indicate when he received this information. *See id.*

## II.
### AMEND ORDER

Before this court reaches the merits of a *habeas* claim, it conducts a preliminary review of the pleadings and exhibits in order to determine whether the petitioner has exhausted all available state remedies prior to filing his petition in federal court, whether any of the claims raised are

subject to the procedural default doctrine, and whether the petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1).

### A. *Exhaustion*

An application for a writ of *habeas corpus* "shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion doctrine requires a petitioner to present all federal claims to the state court before requesting federal *habeas* relief. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). State prisoners must afford "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 119 S.Ct. 1728, 1732 (1999). The federal claims should be presented to state courts "in a procedurally proper manner according to the rules of the state courts." *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

### B. *Procedural Default*

The procedural default doctrine bars federal *habeas corpus* review when a state court declines to address a petitioner's federal claims because the petitioner has failed to follow or has been defaulted by a state procedural rule. *Coleman v. Thompson*, 111 S.Ct. 2546, 2553–54 (1991). "[I]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 2564–65 (internal quotations and alterations omitted). This doctrine ensures that federal courts give proper respect to state procedural rules. *Id.*

### C.  *Limitations Period*

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1)(A). This limitation period generally runs from the date that the conviction becomes final. *See id.* The time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. 28 U.S.C. § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, the time between the date that the conviction becomes final and the proper filing of an application for post-conviction relief in state court is counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998). Thus, in order to determine whether a *habeas* petition is time-barred under the provisions of section 2244(d), the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review; (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in state court; and (3) the date upon which the petitioner filed his federal *habeas corpus* petition.

Based on the pleadings and exhibits filed by Laird, the court cannot determine whether the petition should survive initial review.

Therefore, Laird is **ORDERED** to amend his petition within forty (40) days of this order and provide the following documentation/information:

1. The date that he received the above-mentioned district attorney's file and the attorney/client privilege file. Include any proof that is available to establish the date of receipt of same;
2. The date that he first filed any documentation (motions, applications, etc.) based on the information that he alleges he discovered in the district attorney's file and the attorney/client privilege file;
3. Provide **DATED** copies of all documents identified in No. 2, above;

4. State how the receipt date of the district attorney's file and the attorney/client privilege file relates and/or impacts the claims made in the present matter;

5. **DATED** copies of his applications to the trial court and Third Circuit on post-conviction review; in the event that he is unable to provide **DATED** copies of the applications, he should provide such other proof as is available to establish the dates of filing;

6. **DATED** copies of all three applications for writ of *certiorari* filed in the Louisiana Supreme Court on post-conviction; in the event that he is unable to provide **DATED** copies of the writ applications, he should provide such other proof as is available to establish the dates of filing; and

7. Any other documentation that he claims establishes that the instant *habeas corpus* petition should survive initial review.

**IT IS FURTHER ORDERED** that with respect to **ANY** claims which were denied on the basis of a procedural default, Laird should submit a response demonstrating that federal *habeas* review of any such claims is not barred by the procedural default doctrine, e.g. facts demonstrating cause and prejudice, a miscarriage of justice, or a specific showing that the procedural bar applied in this case is not strictly or regularly applied by the state court or was misapplied in his case.

Laird is advised that the only proper defendant in a *habeas corpus* case is the warden of the prison. *See* Rules 2(a) and 1(b) of the Rules Governing Section 2254 Cases; *see also Rumsfeld v. Padilla*, 124 S. Ct. 2711 (2004). Here Laird has named the *former* warden of Avoyelles Correctional Center as his sole respondent. Accordingly, he should amend his petition to correct the error.

Laird may attach any and all documentation which he chooses to his response.

THUS DONE this 7 September 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE