UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| WILKS LAIRD | : | DOCKET NO. 16-cv-755 |
|     D.O.C. # 552062 | | |
| VERSUS | : | JUDGE TRIMBLE |
| NATE CAIN | : | MAGISTRATE JUDGE KAY |

## ORDER

Before the court is a pro se application for a writ of habeas corpus pursuant to 28 U.S.C § 2254, filed by Wilks Laird ("petitioner"). The respondent submits that this application is barred from review on multiple grounds, including untimeliness. Doc. 16. In our review of the record, we note that the petitioner timely filed a writ application, Docket Number KH 12-00621, to the Louisiana Third Circuit Court of Appeal relating to the trial court's denial of his second application for post-conviction relief. Doc. 17, att. 3, pp. 633–36 (notice of intent to seek writs and Third Circuit's notice of receipt of writ application); *see id.* at 630–32 (trial court ruling). However, we cannot find any subsequent rulings from the Third Circuit or the Louisiana Supreme Court relating to that case.

In order for this court to properly determine statutory tolling of the instant petition, it is necessary for us to consider whether the second application was ultimately rejected by the state courts as untimely. *See Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1812–1814 (2005); *Wardlaw v. Cain*, 541 F.3d 275, 277–79 (5th Cir. 2008). In the event that the second application was

considered on the merits, we still must know the dates of the higher courts' decisions in order to determine the length of statutory tolling.

Accordingly, the parties are given **30 days** from the date of this order to submit supplementary briefs addressing the disposition of the second application for post-conviction relief and its impact on timeliness of the instant petition.

THUS DONE AND SIGNED in Chambers this 6th day of June, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE