# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| WILKS LAIRD | : | DOCKET NO. 16-cv-755 |
|     D.O.C. # 96019 | | |
| VERSUS | : | JUDGE TRIMBLE |
| NATE CAIN | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is a pro se application for a writ of habeas corpus pursuant to 28 U.S.C § 2254, filed by Wilks Laird ("petitioner"). The petitioner is a prisoner in the custody of the Louisiana Department of Public Safety and Corrections. He is currently incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. Nate Cain, warden, opposes the application. Doc. 16.

This matter is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons **IT IS RECOMMEDED** that the application be **DENIED** and that the petition be **DISMISSED WITH PREJUDICE**. It is also recommended that the Motion for Evidentiary Hearing [doc. 24] made in connection with this application be **DENIED**.

# I.
## BACKGROUND

### A. *Conviction*

An arrest warrant was issued for the petitioner on February 27, 2007, in the 33rd Judicial District, Allen Parish, Louisiana, based on charges of attempted second degree murder and possession of a firearm by a convicted felon. Doc. 17, att. 1, p. 196. The charges related to an incident on the night of February 26, 2007, in which the petitioner fired his gun at Daniel Johnson ("victim"), an acquaintance, just after the victim had approached his home. *State v. Laird*, 30 So.3d 1167, 1169–72 (La. Ct. App. 3d Cir. 2010). Following a jury trial that began on January 26, 2009, he was convicted by unanimous verdict of possession of a firearm by a convicted felon and the responsive offense of attempted manslaughter. Doc. 17, att. 3, pp. 365–68. He was subsequently adjudicated as a second felony offender. *Id.* at 405–07. The trial court then sentenced him to a term of fifteen years' imprisonment on the firearm charge and thirty years' imprisonment on the attempted manslaughter, with the sentences to run concurrently and both to be served without benefit of probation, parole, or suspension of sentence. *Id.* at 411–13. He was also ordered to pay a fine of $1,000 on the firearm charge. *Id.* at 412.

### B. *Direct Appeal*

The petitioner appealed his conviction to the Louisiana Third Circuit Court of Appeal, asserting the following assignments of error:

1. The evidence was insufficient to support the conviction.
2. The trial court erred in refusing to allow the defendant to represent himself.
3. The trial court erroneously denied his motion to recuse the trial judge.

*Laird*, 30 So.3d at 1173–77. The court denied all claims on the merits and affirmed the conviction. *Id.* The petitioner then sought rehearing which was denied on April 7, 2010. Doc. 17, att. 3, p. 556.

The petitioner sought review in the Louisiana Supreme Court through an application mailed on or about April 28, 2010, which was denied on November 24, 2010. *Id.* at 557; *State v. Laird*, 50 So.3d 826 (La. 2010). The petitioner did not seek review in the United States Supreme Court. Doc. 1, p. 3.

### C. *State Collateral Review*[1]

#### 1. *First application*

The petitioner next filed an application for post-conviction relief in the trial court on or about May 2, 2011.[2] There he claimed that his trial attorney rendered ineffective assistance by failing to subpoena two potential witnesses and failing to investigate bias on the part of the trial judge. *See* doc. 17, att. 3, p. 580 (trial court order). After conducting a contradictory hearing on the respondent's procedural objections, the trial court issued an opinion on July 18, 2011, denying the application on the merits, except to the extent that the recusal claim was procedurally barred for having already been raised on appeal. *Id.* at 580–82. The petitioner sought review in the Third Circuit, which denied same on November 26, 2012, holding that the trial court had not erred in denying the application or the motion to supplement the application.[3] *Id.* at 637. The petitioner

---

[1] Throughout this time the petitioner filed several motions to vacate an illegal sentence under Articles 872 and 882 of the Louisiana Code of Criminal Procedure. However, as the Third Circuit noted, "sentencing issues are precluded from review in an application for post-conviction relief." Doc. 17, att. 4, p. 37 (citing *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1996)). Accordingly, these motions are not applications for post-conviction relief and thus irrelevant to the statutory tolling calculations, *infra*.

[2] This date is provided by respondent. Doc. 16, p. 7. The petitioner makes no representation as to when he filed this application and we cannot locate a copy of the first application for post-conviction relief in the record. However, the date of filing is also recounted by the trial court in its opinion on a subsequent application for post-conviction relief. Doc. 17, att. 4, p. 140.

[3] On July 22, 2011, the petitioner filed a notice of intent to seek writs and asked that the trial court set a return date for the filing of his writ application. Doc. 17, att. 3, p. 584. The petitioner filed a motion to supplement his first application in the trial court on October 10, 2011, attempting to add a jury misconduct claim. *Id.* at 591–92. The trial court denied the motion two days later, noting that it had already denied the application and the petitioner had filed his notice of intent to seek writs. *Id.* at 592. However, following a letter from the petitioner, the trial court entered an order on November 7, 2011, stating that it had not yet set the return date for seeking writs on the first application and that such date was therefore extended to December 6, 2011. *Id.* at 594, 593. The Third Circuit then indicated on December 5, 2011, that it had received the petitioner's writ application. *Id.* at 595.

filed an application for rehearing, which the Third Circuit denied on January 16, 2013. *Id.* at 639. The petitioner sought review in the Louisiana Supreme Court by application received January 9, 2013, which that court denied on May 31, 2013. *Id.* at 638; *State ex rel. Laird v. State*, 118 So.3d 394 (La. 2013).

### 2. *Second application*

The petitioner next filed a second application for post-conviction relief in the trial court on January 19, 2012.[4] There he alleged that he was denied his Sixth Amendment right to an impartial jury because one of the jurors did not disclose his prior connections to the petitioner and his family. Doc. 17, att. 3, pp. 604–06. After reviewing the state's procedural objections and the petitioner's response, the trial court denied the second application on April 13, 2012, pursuant to Article 930.4(E) of the Louisiana Code of Criminal Procedure. *Id.* at 630–32. The petitioner timely sought writs in the Third Circuit under Case Number 12-KH-621. *Id.* at 633–36. We cannot find the Third Circuit's ruling in the record, but the respondent represents, based on a telephone call to the Third Circuit, that the writ application was denied on April 30, 2013. *See* doc. 25, p. 2. From the record it appears that no review of this ruling was sought in the Louisiana Supreme Court.

### 3. *Third application*

The petitioner filed another application for post-conviction relief in the trial court on or about October 9, 2014.[5] He claimed that, based on his recent receipt of files from his former trial attorney, he had discovered another constitutional error in his case: that the trial court erroneously allowed the entire district attorney's office to recuse itself without a contradictory hearing. Doc.

---

[4] The application was stamped as received by the trial court on January 19, 2012. Doc. 17, att. 3, p. 597. It was signed by the petitioner on January 10, 2012. *Id.* at 602, 606, 607. Under the prison mailbox rule, a *pro se* prisoner's pleading is deemed filed on the date it is submitted to prison authorities to be mailed. *Stoot v. Cain*, 570 F.3d 669, 671–72 (5th Cir. 2009). Here, however, there is no indication of when the application was submitted for mailing and so we use the date that it was received by the trial court as the effective date of filing.

[5] The petitioner did not indicate when he submitted this application for mailing. It was stamped as received in the trial court on October 9, 2014. Doc. 17, att. 4, p. 89.

17, att. 4, pp. 89–100. The trial court nonetheless denied the application on January 20, 2015, as untimely under Article 930.8 of the Louisiana Code of Criminal Procedure. *Id.* at 140–41. The petitioner applied to the trial court for reconsideration and the trial court denied same.[6] *Id.* at 145, 166. The petitioner also sought review in the Third Circuit, which likewise denied same on May 6, 2015. *Id.* at 167–68. The petitioner sought review in the Louisiana Supreme Court.[7] *Id.* at 170. The Louisiana Supreme Court denied this application on May 2, 2016, noting that it was untimely under Article 930.8 and that the petitioner had failed to show that an exception applied. *Id.* at 266–67.

### 4. Fourth application

The petitioner filed a fourth application for post-conviction relief in the trial court on or about October 5, 2015, alleging that he was deprived of due process when:

1) the district attorney withheld favorable information,
2) the trial judge failed to recuse herself,
3) the jury rendered a verdict with an invalid and insufficient bill of information, and
4) the trial court allowed the jury to read an improper verdict sheet.

Doc. 17, att. 4, pp. 202–15. The trial court reviewed the application and denied it on October 20, 2015, as repetitive and untimely under Article 930.3 *et seq.* of the Louisiana Code of Criminal Procedure. *Id.* at 216–17. The petitioner sought review in the Third Circuit, which denied same on March 2, 2016, finding no error to the trial court's ruling that the application was untimely. *Id.* at 255. He then sought review in the Louisiana Supreme Court. *Id.* at 260. That court denied same

---

[6] The trial court's ruling referenced claims of ineffective assistance of counsel, recusal of trial judge, and denial of right to self-representation (the same claims raised in the second application), while the petitioner's third application instead raised a single claim that the trial court had erroneously allowed the entire district attorney's office to recuse itself based on the fact that an assistant district attorney was related to one of the codefendants and the victim. *Compare* doc. 17, att. 4, p. 140 *with id.* at 96–100.

[7] The case numbers do not match, but the trial court opinion attached to the Louisiana Supreme Court's ruling makes clear that the decision under review is the trial court's denial of the third application for post-conviction relief. Doc. 17, att. 4, pp. 268–69.

on May 2, 2016, specifically noting that the application was untimely and that the petitioner had "[failed] to carry his burden to show that an exception applies." *Id.* at 263 (citing LA. C. CR. P. art. 930.8).

### D. *Federal Habeas Petition*

The instant petition was filed on May 25, 2016. Doc. 1, att. 1, p. 3. Here he appears to renew the following claims:

> 1. The trial court erroneously allowed the recusal of the entire district attorney's office.
> 2. The petitioner was convicted based on an invalid bill of information.

Doc. 1, att. 1.

## II.
### STANDARDS ON HABEAS REVIEW

### A. *Timeliness*

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. *Id.* The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. *Id.* at § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Rhines v. Weber*, 125 S.Ct. 1528 (2005). Accordingly,

in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

### B. Exhaustion and Procedural Default

Before proceeding to the merits of the issues raised in the petition, this court considers the doctrines of procedural default and exhaustion of state court remedies. Exhaustion and procedural default are both affirmative defenses that may be waived by the state if not raised in its responsive pleadings. *See, e.g.*, *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994). However, the federal district court may also consider both doctrines on its own motion. *Magouirk v. Phillips*, 144 F.3d 348, 357–59 (5th Cir. 1998). Therefore we consider any claims by respondent under these doctrines, in addition to conducting our own review.

#### 1. Exhaustion of State Court Remedies

The federal habeas corpus statute and decades of federal jurisprudence require a petitioner seeking federal habeas corpus relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1); *e.g.*, *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). This is a matter of comity. *Ex parte Royall*, 6 S.Ct. 734, 740–41 (1886). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts "in a procedurally proper manner according to the rules of the state courts." *Wilder v. Cockrell,* 274 F.3d 255, 259 (5th Cir. 2001); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Each claim must be presented to the state's highest court, even when

review by that court is discretionary. *E.g.*, *Wilson v. Foti*, 832 F.2d 891, 893–94 (5th Cir. 1987). Exhaustion is not satisfied if the petitioner presents new legal theories or entirely new factual claims in support of his federal habeas petition. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983).

In Louisiana the highest court is the Louisiana Supreme Court. *See* LSA–Const. art. 5, § 5(a). Thus, in order for a Louisiana prisoner to have exhausted his state court remedies he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner, supported by the legal theories and factual allegations that he raises now. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).

### 2. *Procedural Default*

When a petitioner has defaulted a claim by violating a state procedural rule which constitutes adequate and independent grounds to bar direct review in the United States Supreme Court, he may not raise that claim in a federal habeas proceeding absent a showing of cause and prejudice or actual innocence. *Coleman v. Thompson*, 111 S.Ct. 2546, 2554 (1991). Failure to satisfy state procedural requirements results in forfeiture of a petitioner's right to present a claim in a federal habeas proceeding. *Murray v. Carrier*, 106 S.Ct. 2639 (1986). This is not a jurisdictional matter; rather, it is grounded in concerns of comity and federalism. *Trest v. Cain*, 118 S.Ct. 478, 480 (1997).

Procedural default exists where (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule and that procedural rule provides an independent and adequate ground for the dismissal ("traditional" procedural default)[8] or (2) the

---

[8] To serve as adequate grounds for a federally cognizable default the state rule "must have been firmly established and regularly followed by the time as of which it is to be applied." *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (internal quotations omitted).

petitioner fails to properly exhaust all available state court remedies and the state court to which he would be required to petition would now find the claims procedurally barred ("technical" procedural default). In either instance, the petitioner is considered to have forfeited his federal habeas claims. *Bledsue v. Johnson*, 188 F.3d 250, 254–5 (5th Cir. 1999). The grounds for traditional procedural default must be based on the actions of the last state court rendering a judgment. *Harris v. Reed*, 109 S.Ct. 1038, 1043 (1989).

# III.
## APPLICATION

### A. *Timeliness*

Even with statutory tolling during the time his numerous applications for post-conviction relief were pending, the instant application is plainly untimely. The petitioner contends, however, that both claims raised in his federal petition were unknown to him until he received the district attorney's file and the attorney-client file from his own attorney. *See* doc. 1, att. 1, pp. 1–2. As referenced above, the one year limitations period generally runs from the date the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). However, under certain circumstances the limitations period may run from a later date, including "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* at § 2244(d)(1)(D).

The petitioner alleges that the files from which he discovered these claims were mailed to him by his attorney on or about February 19, 2014. Doc. 10, p. 1; *see* doc. 10, att. 1. He first sought relief based on evidence in those files in an application filed on or about October 9, 2014. Doc. 17, att. 4, pp. 89–100. That application was denied by the trial court on January 20, 2015, as untimely under Article 930.8 of the Louisiana Code of Criminal Procedure. Doc. 17, att. 4, pp. 140–41. As described above, the Louisiana Third Circuit Court of Appeal denied review, finding no error in

the trial court's ruling, and Louisiana Supreme Court denied review based on an independent finding of untimeliness under Article 930.8. *Id.* at 167–68, 266–67. Likewise, the fourth application was denied as untimely at each level, with the Louisiana Supreme Court relying expressly on Article 930.8. *Id.* at 216–17 (trial court ruling); *id.* at 255 (Third Circuit); *id.* at 263 (Louisiana Supreme Court).

A state application for post-conviction relief is not properly filed, and thus does not give rise to tolling under § 2244(d), if it is rejected as untimely under state law. *Wardlaw v. Cain*, 541 F.3d 275, 278 (5th Cir. 2008); *see, e.g.*, *Wilson v. Prince*, 2013 WL 3868154 (W.D. La. Jul. 24, 2013) (refusing to extend statutory tolling to the pendency of an application for post-conviction relief rejected under Article 930.8). However, it is difficult for us to make determinations about tolling in this case, given the uncertainty about when the petitioner ought to have discovered the claims after the documents were received by him and whether he would even be entitled to that extension under § 2244(d) in the first place, as he was present at trial and therefore aware of the fact that the district attorney's office had been recused. Thus it is simpler for us to analyze the state courts' invocation of that bar under the doctrine of procedural default. *See Young v. Terrell*, 2014 WL 5040792, *6 (E.D. La. Oct. 6, 2014) (collecting Fifth Circuit cases discussing Article 930.8 as a procedural bar).

### B. *Exhaustion and Procedural Default*

Both claims raised in the instant petition were exhausted in the state courts through the petitioner's third and fourth applications for post-conviction relief. However, both are subject to procedural default due to the Louisiana courts' rejection of these applications as untimely under Article 930.8 of the Louisiana Code of Criminal Procedure, as outlined above.

Article 930.8 establishes a two-year limitations period for filing applications for post-conviction relief in the state courts, with certain exceptions. The Fifth Circuit recognizes it as an adequate and independent bar to federal habeas review. *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997). To establish cause for this default, the petitioner would have to show that some objective factor external to the defense stood in the way of his efforts to comply with the state's procedural rule. *Murray*, 106 S.Ct. at 2645. An inquiry for "cause" should not be confused with the default determination itself. *Barnes v. Thompson*, 58 F.3d 971, 974 n. 2 (4th Cir. 1995). "[A] basic tenet of federal habeas review is that a federal court does not have license to question a state court's finding of procedural default, if based upon an adequate and independent state ground." *Smith v. Johnson*, 216 F.3d 521, 523 (5th Cir. 2000) (quoting *Barnes*, 58 F.3d at 974 n. 2); *see also Rowell v. Dretke*, 398 F.3d 370, 375 (5th Cir. 2005) ("[I]t is not the role of the federal habeas court to reexamine state-court determinations of state-law questions.")

The state courts considered the petitioner's argument relating to late discovery of the claims in the newly received files, an exception to Article 930.8's time limitations, and rejected it by holding the petitioner to the time limitation. *See* LA. C. CR. P. art. 930.8(A)(1). His reiteration of this argument as grounds for cause will not suffice, as it is essentially an argument that the state courts erred in their application of the procedural bar under Article 930.8. Therefore he has not shown excuse for the default on the basis of cause and prejudice.

The petitioner also makes a vague claim of actual innocence to excuse the default. However, his pleadings, including the unsupported "supplemental statement of the facts" and self-serving assertions in his objections, do not come close to meeting the actual innocence standard.[9]

---

[9] Additionally, most of the assertions within these pleadings, as best we can construe them, point more to the unfairness of the petitioner's trial rather than his own innocence. His account of his actual innocence is the same one, on the whole, presented by the defense at trial and rejected by the jury in its unanimous verdict. *Compare* doc. 18 *with Laird*, 30 So.3d at 1169–75.

*See* docs. 1, 10, 18, 20–24, 26. Accordingly, the procedural default following the state court rulings must stand. Both claims raised in the instant petition are thus barred from federal habeas review.

### C. *Motion for Evidentiary Hearing*

Finally, the petitioner requests an evidentiary hearing on the substance of his recusal claim. Doc. 24.

The decision of whether to conduct an evidentiary hearing on a § 2254 petition is committed to the discretion of the district court. *Barrientes v. Johnson*, 221 F.3d 741, 770 (5th Cir. 2000). In order to show entitlement to an evidentiary hearing, a petitioner must first overcome the restrictions of 28 U.S.C. § 2254(e)(2) and show that the failure to develop the claim at the state level is not the result of his own decision or omission, or that the claim falls under certain exceptions. *Robison v. Johnson*, 151 F.3d 256, 268 (5th Cir. 1998). However, making this showing "does not guarantee . . . an evidentiary hearing; it merely opens the door for one." *Murphy v. Johnson*, 205 F.3d 809, 815 (5th Cir. 2000). "[A] petitioner need not receive an evidentiary hearing if it would not develop material facts relevant to the constitutionality of his conviction." *Woodard v. Thaler*, 702 F.Supp.2d 738, 755 (S.D. Tex. 2010) (quoting *Young v. Herring*, 938 F.2d 543, 560 n. 12 (5th Cir. 1991)).

In this matter we have already determined that the petitioner's claims should be procedurally defaulted. The petitioner does not show how an evidentiary hearing would excuse that bar. Accordingly, he does not demonstrate any use for a hearing and the request should be denied.

---

The petitioner's response deadline in this matter has passed. Although he may well attempt to file other documents in support of his petition after the last one, received on July 26, 2017, they will not be considered as part of this report and recommendation.

# IV.
## CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant application be **DENIED** and **DISMISSED WITH PREJUDICE** because the petitioner's claims are barred by the doctrine of procedural default. It is also **RECOMMENDED** that the petitioner's Motion for Evidentiary Hearing [doc. 24] be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2).

THUS DONE AND SIGNED in Chambers this 9th day of August, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE